IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| EVERETT FINANCIAL, INC. d/b/a | § | |
|---|---|---|
| SUPREME LENDING, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-01858-N |
| | § | |
| JOHN KOCHER, | § | |
| | § | |
| Defendants. | § | |

# MEMORANDUM OPINION AND ORDER

This Order addresses Plaintiff Everett Financial, Inc. d/b/a Supreme Lending's ("Supreme") motion to remand [6]. Because the Court lacks subject matter jurisdiction over this dispute, the Court grants the motion.

## I. ORIGINS OF THE DISPUTE

This case is about alleged breaches of trust. Supreme sued Defendant John Kocher in state court for Kocher's alleged repeated breaches of a confidentiality agreement and misappropriation of Supreme's trade secrets during his employment. The state court granted Supreme a temporary restraining order. Kocher then filed to have the case removed to federal court on the basis of both diversity and federal question jurisdiction. Supreme now moves to remand. They do not contest diversity of citizenship: Kocher is a citizen of Illinois, and Supreme is a Texas corporation. Instead, they argue that the required amount in controversy is not met, and that there is no basis for federal question jurisdiction.

MEMORANDUM OPINION AND ORDER – PAGE 1

## II. LEGAL STANDARD

A defendant may remove a state court action to federal court if the defendant establishes the federal court's original jurisdiction over the action. 28 U.S.C. § 1441(a); *see also Winters v. Diamond Shamrock Chem. Co.*, 149 F.3d 387, 397 (5th Cir. 1998) ("[I]t is the defendant's burden to establish the existence of federal jurisdiction over the controversy."). Thus, to remove a case, a defendant must show that the action either arises under federal law or satisfies the requirements of diversity. *Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("[A]bsent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."). However, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed 'and any doubt as to the propriety of removal should be resolved in favor of remand.'" *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (quoting *In re Hot-Hed, Inc.*, 477 F.3d 320, 323 (5th Cir. 2007)). A federal court must remand a case if, at any time before final judgment, it appears that the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Thus, removal from state court is inappropriate when the federal court does not have either diversity or federal-question jurisdiction.

A federal court lacks diversity jurisdiction if the amount in controversy is $75,000.00 or less. *Tex. Instruments, Inc. v. Citigroup Glob. Mkts., Inc.*, 266 F.R.D. 143, 146 (N.D. Tex. 2010). The amount cannot be too speculative. When there is not a stated amount of damages in the petition, the defendant must "set forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 270, 723 (5th Cir. 2002) (citations omitted). To establish

federal question jurisdiction, the claim must "arise under" federal law. 28 U.S.C. §1331. Whether a claim does so must be determined by reference to the "well-pleaded complaint." *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The relevant question is whether the "vindication of a right . . . turns on some construction of federal law." *Id.* "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Id.*

### III. THE COURT GRANTS THE MOTION TO REMAND

The Court has neither diversity nor federal question jurisdiction over this dispute. As to diversity, Kocher presents two theories for establishing that the amount in controversy exceeds $75,000.00. First, he points to the $1.5 million Supreme spent to acquire Kocher's former business, CF Funding Inc. (CFI). Def. Kocher's Resp. in Opp. to Pl.'s Mot. to Remand, ¶ 2 [10] ("Response"). This transaction is irrelevant for the purposes of establishing diversity jurisdiction. "The amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *Farkas v. GMAC Motg. L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013) (quoting *Leininger v. Leininger*, 705 F.2d 727, 729 (5th Cir. 1983)). The value of the rights to be protected in this case relates to the data Kocher allegedly misappropriated. It has nothing to do with the amount Supreme spent to acquire the assets of CFI. Accordingly, CFI's acquisition cannot be used to establish diversity.

Alternatively, Kocher argues that the attorney fees Supreme seeks "easily exceed $75,000.00" Response, ¶ 3. Yet, Kocher's only support for this allegation is the entirely speculative prediction by Kocher's counsel that his fees "could easily exceed $75,000.00" and that he "expect[s]" Supreme's fees to "be of a similar amount, if not more." Def.'s App.

in Supp. of His Resp. in Opp. to Pl.'s Mot. to Remand, 76 [11]. This falls well short of the "summary judgment type evidence" required to establish that the amount in controversy is satisfied. *See Manguno*, 276 F.3d at 723 (an undisputed affidavit statistically established that the attorney fees would exceed $75,000.00). Accordingly, Kocher has not demonstrated that the amount in controversy likely exceeds $75,000.00, and therefore the Court lacks diversity jurisdiction over the suit.

Kocher has also failed to show that the Court has federal question jurisdiction. He argues that the confidentiality agreement at issue implicates the National Labor Relations Act, the Defined Trade Secrets Act of 2016, and the Gramm-Leach Biley Act. Response, ¶¶ 12-16. Each of these laws, however, are raised as potential defenses to Supreme's state law claims. Federal question jurisdiction cannot be found unless a federal question is evident from the face of the plaintiff's well-pleaded complaint; raising a defense that rests on federal law grounds is insufficient. *See Merrell Dow Pharm. Inc.* 478 U.S. at 808. Kocher has thus failed to show that the Court has federal question jurisdiction over the dispute.

## CONCLUSION

The Court grants Supreme's motion and remands this action back to the 298th Judicial District Court of Dallas County, Texas.

Signed October 1, 2018.

David C. Godbey
United States District Judge